UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAKINI DEANDRE BYRD,<br><br>  Plaintiff,<br><br>  v.<br><br>UNKNOWN,<br><br>  Defendant. | Case No. 1:19-cv-01343-JDP<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED AGAINST UNKNOWN DEFENDANT ON PLAINTIFF'S CLAIMS FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF SUBPOENA FORM AO 88B AND FORM USM-285<br><br>30 DAY DEADLINE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed September 23, 2019, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that an unknown tower officer violated his Eighth Amendment right to be free from excessive force. Plaintiff has stated a cognizable claim against defendant for excessive force in violation of the Eighth Amendment.

As the only defendant in this case is a doe defendant, we will not authorize service of process at this time. Instead, the court will allow plaintiff to subpoena documents from the California Department of Corrections and Rehabilitation that may allow him to identify the doe

1

defendant. If plaintiff succeeds in identifying the doe defendant, he should file a motion to substitute the named individual defendant.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Discussion**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, Ill., 137 S. Ct. 911, 916 (2017). To

state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).

The defendant is a state-prison employee who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law when he shot defendant in the head with a block gun. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))).

The only issue that remains is whether the alleged shooting of plaintiff by defendant violated federal law. The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force" against inmates. *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam); *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). For claims arising out of the use of excessive physical force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). To facilitate this inquiry, the Supreme Court has articulated five factors to consider: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7.

Whether the alleged wrongdoing is objectively "harmful enough" to establish a constitutional violation is contextual and responsive to contemporary standards of decency. *Id.* at 8 (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force. *Hudson*, 503 U.S. at 9-10 (concluding that blows directed at inmate which caused bruises, swelling, loosened teeth and a cracked dental plate were not *de minimis*). Conversely, deadly force against an inmate may be constitutionally defensible under some circumstances. *See Whitley v. Albers*, 475 U.S. 312, 326 (1986) (holding that shooting an inmate to restore prison security during a riot did not violate the Eighth Amendment).

3

In this case, plaintiff has alleged that he was shot in the head with a block gun by defendant, a tower officer, while plaintiff was also being beaten by other inmates. *See* ECF No. 1 at 3, 7, 10. Plaintiff also asserts that the manner of the shooting violated CDCR policy. *See id*. at 3. Plaintiff has pled serious injury and that the application of force was not needed. Based upon plaintiff's allegations, the court finds that plaintiff has stated a cognizable excessive force claim against defendant.

**Conclusion and Order**

The court has screened plaintiff's complaint and finds that it states a cognizable claim against defendant for excessive force in violation of the Eighth Amendment.

The court will allow plaintiff to subpoena documents from the California Department of Corrections and Rehabilitation that may allow him to identify the doe defendant. When completing the subpoena form AO 88B, plaintiff should identify with specificity the documents he is seeking. Once plaintiff has completed and returned subpoena form AO 88B and form USM-285, the court will direct the United States Marshals Service to serve the subpoena on the California Department of Corrections and Rehabilitation. The court notes that it may limit plaintiff's request for production of documents.

If plaintiff can identify the doe defendant, he should file a motion to substitute.

Accordingly, based on the foregoing, it is hereby ordered that:

1. This action proceed against defendant on plaintiff's claim for excessive force in violation of the Eighth Amendment;

2. The Clerk of Court is directed to send plaintiff a copy of subpoena form AO 88B and a copy of form USM-285;

3. Plaintiff has thirty days from the date of service of this order to complete and return subpoena form AO 88B and form USM-285;

4. Plaintiff has 120 days from the date of service of this order to file a motion to substitute a named defendant in place of Unknown; and

5. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:     February 25, 2020                    _____
                                                UNITED STATES MAGISTRATE JUDGE

No. 204.