UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAKINI DEANDRE BYRD,<br><br>            Plaintiff,<br><br>    v.<br><br>F. SERRANO,<br><br>            Defendant. | Case No. 1:19-cv-01343-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 35)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO BE EXCUSED FROM EXHAUSTION AND TO AMEND PLEADINGS<br><br>(Doc. No. 36) |

This matter comes before the court upon initial review of this case that was reassigned to the undersigned. (*See* Doc. No. 41). Plaintiff Yakini DeAndre Byrd is a prisoner proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. 1). The complaint alleges an excessive use of force claim in violation of the Eighth Amendment against Defendant Serrano. (*See* Doc. Nos. 1, complaint; 15, screening order; and 22, order substituting proper defendant). Pending review, *inter alia*, are plaintiff's motion to appoint counsel (Doc. No. 35) and motion to be excused from exhaustion requirement and/or to his amend pleadings (Doc. No. 36).

1. Motion to Appoint Counsel

On September 16, 2020, plaintiff moved for appointment of counsel. (Doc. No. 35).

Plaintiff seeks appointment of counsel on the following grounds: (1) he is indigent; (2) he is incarcerated; (3) he believes his claims involve complex issues; (4) he expects conflicting testimony at trial; and (5) he has not been able to secure an attorney. (*Id*).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). Contrary to plaintiff's assertion, the court does not find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). And, while the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D.

Cal. Apr. 20, 2010). Finally, plaintiff's inability thus far to find counsel is "not a proper factor for the Court to consider in determining whether to request counsel." (*Id*).

Plaintiff has capably filed motions and his complaint has plausibly stated a claim to survive an initial screening. Plaintiff has not showed exceptional circumstances warrant appointment of counsel at this stage of the proceedings. Should this case progress and plaintiff's circumstances change and he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

2. <u>Motion to Be Excused from Exhaustion and to Amend Pleadings</u>

On September 16, 2020, plaintiff filed a pleading titled "Exhaustion Motion and Amend Pleadings." (Doc. No. 36). In his motion, plaintiff asks to: (1) exhaust his administrative remedies; and (2) amend his complaint to include a reference to the prison regulation defendant allegedly violated. (*Id*). Defendant filed an opposition to plaintiff's motion and plaintiff filed a reply. (Doc. Nos. 37, 40).

To the extent discernable, plaintiff addresses the exhaustion requirement and claims that any alleged failure to exhaust his claim is due to the defendant's "incompetence." (Doc. No. 36). Plaintiff's pre-emptive opposition to an exhaustion-based summary judgment motion is premature. The defense of exhaustion is an affirmative defense that must be raised and proven by defendant. *Jones v. Bock*, 549 U.S. 199, 212-18 (2007). Defendant had until December 4, 2020 to file an exhaustion-based summary judgment motion. (*See* Discovery and Scheduling Order, Doc. No. 31, ¶ 6). Defendant did not timely file an exhaustion-based motion. Thus, plaintiff's request for the court to excuse exhaustion appears unnecessary.

In his same motion, plaintiff seeks permission to file an amended complaint to include an allegation that defendant violated a provision of California's Code of Regulation. The court has already determined that plaintiff's complaint plausibly stated an excessive use of force claim in violation of the Eighth Amendment against defendant. (Doc. No. 15). Whether defendant violated a specified California regulation may be relevant at a summary judgment stage, but it is not necessarily relevant at the pleading stage.

Nonetheless, Fed. R. Civ. P. 15(a)(1)(B) permitted plaintiff to file an amended pleading as

a right within twenty-one (21) days of defendant's answer.  Further, the court's Discovery and Scheduling Order permitted the parties until March 4, 2021 to amend their pleadings.  (Doc. No. 31, ¶ 5).  Because plaintiff's motion was timey filed, the court will provide plaintiff 30 days from receipt of this order with the opportunity to file an amended complaint, if he so chooses.  If plaintiff decides to file an amended complaint, he should use the court's approved civil rights form.  Plaintiff should be aware that the amended complaint is free-standing and supersedes the original complaint.  *See* Local Rule 220.

Accordingly, it is ORDERED:

1. Plaintiff's motion to appoint is counsel (Doc. No. 35) is DENIED without prejudice.
2. Plaintiff's motion to exhaust (Doc. No. 36) is DENIED for the reasons state above.  Plaintiff's motion to amend (Doc. No. 36) is GRANTED and Plaintiff may file an amended complaint within thirty (30) days of receipt of this Order.   Plaintiff should file his amended complaint on the court's approved civil rights complaint form and title it "Amended Complaint."
3. The Clerk of Court shall provide plaintiff with a blank civil rights complaint form with this Order for his uses should he choose to file an amended complaint.

IT IS SO ORDERED.

Dated:    March 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE