UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAKINI DEANDRE BYRD,<br><br>             Plaintiff,<br><br>      v.<br><br>F. SERRANO,<br><br>             Defendant. | Case No. 1:19-cv-01343-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO BE EXAMINED BY AN OUTSIDE DOCTOR<br><br>(Doc. No. 43) |

Pending before the court is plaintiff's motion to be examined by an outside doctor filed March 8, 2021. (Doc. No. 43). In his one sentence motion referencing Fed. R. Civ. P. 35, plaintiff requests "an outside doctor examinate [sic] him to see if trauma is visible also to show on the record there was a massive blow to the head." (*Id*.). Defendant filed an opposition to the motion on March 29, 2021. (Doc. No. 44). No reply was timely filed by plaintiff. Local Rule 230(l). The court deems this motion ripe for review and denies the motion.

Plaintiff Yakini DeAndre Byrd is a current state prisoner proceeding *pro se* on his civil rights complaint under 42 U.S.C. § 1983. (Doc. Nos. 1, 15). Plaintiff's claims stem from an alleged use of excessive force when defendant F. Serrano, who was a tower officer, shot plaintiff in the head with a block gun while plaintiff was being beaten by other inmates. (Doc. No. 1 at 3). Plaintiff claims he continues to suffer lingering symptoms from the incident. (*Id.*).

Plaintiff cites to Federal Rule of Civil Procedure 35 in moving for examination by an

1

1 | outside doctor.  (Doc. No. 43 at 1).  Rule 35 permits the court to order a party whose physical
2 | condition "is in controversy to submit to a physical or mental examination by a suitably licensed
3 | or certified examiner."  Fed. R. Civ. P. 35 (a)(1).  Motions under Rule 35 overwhelmingly
4 | involve defendants seeking to examine a plaintiff's whose health is at issue.  *Azevedo v. City of*
5 | *Fresno*, 2009 WL 5216877, at *2 (E.D. Cal. Dec. 30, 2009).  Here, it is plaintiff seeking the
6 | examination despite Rule 35 not allowing "for a physical examination of oneself."  *Berg v. Prison*
7 | *Health Servs.*, 376 F. Appx. 723, 724 (9th Cir. 2010); *see also Smith v. Carroll*, 602 F.Supp.2d
8 | 521, 526 (D. Del. 2009) (holding that Rule 35 "does not vest the court with authority to appoint
9 | an expert to examine a party wishing an examination of himself. Instead, under appropriate
10 | circumstances, it allows the court to order a party to submit to a physical examination at the
11 | request of an opposing party.").  The Court therefore declines to order a medical examination
12 | under Rule 35.
13 | Defendant argues that even if Rule 35 applied plaintiff's motion should be denied because
14 | he failed to show good cause.  (Doc. No. 44 at 2).  The court may only grant a Rule 35
15 | examination upon a showing "for good cause."  Fed. R. Civ. P. 35 (a)(2)(A); *Edwards v. City of*
16 | *Vallejo*, 2019 WL 3564168, at *10 (E.D. Cal. Aug. 6, 2019).  Good cause requires a "greater
17 | showing" of necessity beyond mere relevance.  *Schlagenhauf v. Holder*, 379 U.S. 104, 118
18 | (1964); *Weldon v. Conlee*, 2015 WL 1291350, at *2 (E.D. Cal. Mar. 20, 2015).  This showing
19 | must include "specific facts justifying the exam."  *Nava v. City of Shafter*, 2013 WL 5278890, at
20 | *2 (E.D. Cal. Sept. 18, 2013).  When determining whether good cause exists, the court considers
21 | "whether the information can be obtained through other means and whether the result of the
22 | examination would yield information that is relevant."  *Hanna v. Fresno Cty.*, WL 7458691, at *3
23 | (E.D. Cal. Nov. 24, 2015).
24 | Plaintiff has not shown good cause under rule 35.  His single sentence motion does not
25 | cite specific facts which warrant an examination.  Plaintiff also does not discuss whether he
26 | already possesses medical records detailing his injuries or whether he could be examined by
27 | resident prison medical officials. Nor does he argue an independent examination is needed due to
28 | a conflict of interest where the prison's officer is a defendant.  The court therefore finds that even

if Rule 35 allowed the court to order plaintiff to be independently examined, he has not shown good cause to justify an examination.

Finally, plaintiff's motion does not comply with Rule 35's dictates.  A motion under Rule 35 "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35 (a)(2)(B).   Plaintiff mentions none of these factors beyond the limited scope of checking his head for trauma.  (Doc. No. 43 at 1).  Further, "plaintiff would be responsible for the costs associated with the examination because the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds" for his examination.  *Foust v. Kuku-Ojo*, 2019 WL 2448308, at *1 (E.D. Cal. June 12, 2019).  And, a motion therefore must demonstrate his "ability to pay for the costs of an independent medical examination."  *Braulick v. CoreCivic*, 2018 WL 4963206, at *1 (D. Mont. Oct. 15, 2018).  Here, plaintiff makes no mention of his ability to finance an examination.  Plaintiff's failure to provide basic details of his examination and his ability pay for it thus provides an independent basis to deny the motion.

Accordingly, it is ORDERED:

Plaintiff's motion to be examined by an outside doctor (Doc. No. 43) is **DENIED.**

IT IS SO ORDERED.

Dated:   April 12, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3