UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAKINI DEANDRE BYRD,<br><br>  Plaintiff,<br><br>  v.<br><br>F. SERRANO,<br><br>  Defendant. | Case No. 1:19-cv-01343-DAD-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION REQUESTING SETTLEMENT CONFERENCE<br><br>(Doc. No. 42)<br><br>ORDER DIRECTING CLERK TO SERVE DEPUTY ATTORNEY GENERAL JAMES WHISNAND AND SUPERVISING DEPUTY ATTORNEY GENERAL LAWRENCE BRAGG WITH A COURTESY COPY OF PLAINTIFF'S COMPLAINT (DOC. NO. 1); THE SCREENING ORDER (DOC. NO. 15); AND THIS ORDER<br><br>ORDER STAYING DEADLINES IN CASE MANAGEMENT ORDER<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER AS MOOT<br><br>(Doc. No. 48) |

Plaintiff Yakini DeAndre Byrd is a state prisoner proceeding *pro se* on his 42 U.S.C. § 1983 complaint alleging excessive force. (Doc. Nos. 1, 15). Pending before the court is plaintiff's February 8, 2021 motion requesting a mediation, arbitration or a settlement conference. (Doc. No.

1

42). Defendant has not responded to plaintiff's motion. (*See* docket). Also, before the court is defendant's April 28, 2021 motion to modify the scheduling order. (Doc. No. 48).

<u>Plaintiff's Motion Requesting Settlement Conference</u>

Plaintiff requests the court to set this case for mediation, arbitration or a settlement conference "in the hope of a settlement agreeable to all parties." (Doc. No. 42 at 1). This court's local rules require settlement conferences in all civil cases. L.R. 270(a). Settlement conferences help the court efficiently resolve cases amidst the current judicial emergency. *See* November 16, 2020 Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. A party's participation in a settlement conference does not waive any claims, defenses or objections.

This court's screening order determined plaintiff's complaint stated a cognizable claim of excessive force. (Doc. No. 15).[1] However, stating a cognizable claim "in no way suggests" that plaintiff "is likely or unlikely to prevail on the merits of his complaint." *Monger v. Sisto*, 2009 WL 1507127, at *1 (E.D. Cal. May 27, 2009). The court therefore stays this action until further order of court so the parties may participate in a settlement conference.

While the court anticipates this case will proceed to a settlement conference, it recognizes some settlement conferences are futile. If defense counsel conducts a good faith investigation of plaintiff's claims and concludes that participating in a settlement conference would be unproductive, they may file a notice to opt out of the settlement conference. Defense counsel has 30 days from the date on this order to opt out. If defense counsel does not file a notice to opt out, the court will then issue an order scheduling this case for a settlement conference. Thereafter, within 14 days from when the settlement conference order is issued, both parties must disclose the relevant documents contemplated under Fed. R. Civ. P. 26(a)-(b). Although not an exhaustive list, some examples of relevant documents are listed below.

---

[1] Plaintiff recently filed an amended complaint that essentially alleges the same facts and claims but also alleges the defendant's actions violated a CDCR policy. *See* Doc. No. 47. Because the court is staying this action, the court will refrain from screening the amended complaint and/or directing a response from defendant until further order of court.

Defendant's Motion to Modify Scheduling Order

On April 28, 2021, defendant moved to modify the scheduling order to extend the discovery and dispositive motions deadlines by 90 days. (Doc. No. 48). Defendant argues these extensions are warranted due to difficulties scheduling plaintiff's deposition due to the impact of COVID-19 and counsel's heavy caseload. (Doc. 48-1).

Any modifications to the scheduling order are unnecessary considering the court staying this case. Should defendant opt out of settlement or the parties reach an impasse during settlement, the court will issue a new scheduling order permitting the parties ample time to complete discovery and to file any dispositive motions. Consequently, defendant's motion is moot.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion requesting mediation, arbitration or a settlement conference (Doc. No. 42) is GRANTED to the extent set forth herein.

2. All deadlines set forth in the court's scheduling order (Doc. No. 31) are STAYED until further order of court. The parties may engage in informal discovery to prepare for the settlement conference, including the exchange of the documents listed below.

3. Defendant may file a "notice opting out" of the settlement conference within thirty (30) days. If no notice is timely filed, the court will issue a settlement order scheduling this case for a settlement conference. That order will identify the magistrate judge overseeing the settlement conference and detail all procedures that magistrate judge requires for the settlement conference.[2] If defendant opts out of the settlement conference the court will issue a new scheduling order.

4. Within 14 days from the date the settlement conference order is issued, each party shall send the other parties participating in the settlement conference the any relevant documents, including the documents identified below.

---

[2] The undersigned will not be the magistrate judge overseeing the settlement conference.

5.  The parties need only produce documents related to plaintiff's excessive force claim. At that time, plaintiff should provide all relevant documents in his possession, but need not request documents from his correctional institution. Defense counsel need not produce documents that are confidential or subject to the official information privilege. The parties shall exchange the following documents, to the extent they exist:
    a. All non-confidential documents regarding Rules Violation Reports associated with the incident alleged in the complaint, including disciplinary charges and findings;
    b. Plaintiff's medical records related to the incident at issue;
    c. Chronos for transfer or administrative segregation placement related to the incident alleged in the complaint;
    d. Non-confidential incident reports regarding the use of force incident alleged in the complaint; and
    e. Any other documents related to the case that the parties believe will assist in the settlement conference.
6.  The Clerk of Court shall serve Deputy Attorney General James Whisnand and Supervising Deputy Attorney General Lawrence Bragg with a copy of plaintiff's complaint (Doc No. 1); the screening order (Doc No. 15); and this order.
7.  Defendant's motion to modify the scheduling order (Doc. No. 48) is DENIED as moot.

IT IS SO ORDERED.

Dated:   April 29, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4