UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAKINI DEANDRE BYRD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>F. SERRANO,<br><br>　　　　Defendant. | Case No. 1:19-cv-01343-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO AMEND COMPLAINT[1]<br><br>(Doc. No. 52)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Before the Court is Plaintiff Yakini Deandre Byrd's motion seeking leave to file a second amended complaint filed on July 1, 2021. (Doc. No. 52, "Motion"). Defendant filed an Opposition on July 22, 2021. (Doc. No. 53). The undersigned recommends Plaintiff's Motion be denied because the Motion is procedurally deficient, untimely, and the proposed amendment is futile.

**I. BACKGROUND**

Plaintiff's original complaint was filed on September 23, 2019. (Doc. No. 1). The then-assigned magistrate judge screened the complaint and determined it stated a claim of excessive force against Defendant F. Serrano. (Doc. No. 15). Defendant answered the complaint on September 3, 2020. (Doc. No. 28). The Court subsequently issued a Discovery and Scheduling Order which, *inter alia*, set a March 4, 2021 deadline to amend the pleadings. (Doc. No. 31). On

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1

September 16, 2020, Plaintiff filed a pleading titled "Exhaustion Motion and Amend Pleadings." (Doc. No. 36).  The Court construed that pleading as a motion to amend and permitted Plaintiff to file an amended complaint.  (Doc. No. 45).  Plaintiff filed his first amended complaint on April 21, 2021.  (Doc. No. 47, "FAC").  The FAC essentially alleges the same sole claim of excessive force claim against Defendant Serrano, except it includes an allegation that Defendant's actions violated a CDCR policy.  (*Id.* at 3).

Plaintiff's instant Motion was filed after the deadline in the Scheduling Order.  Plaintiff does not attach a proposed second amended complaint to his Motion.  In his Motion, Plaintiff states only that he wishes to add the California Department of Corrections and Rehabilitation ("CDCR") as a defendant because CDCR's inadequate training resulted in Defendant's use of excessive force.  (Doc. No. 52).  Plaintiff claims that due to limited access to the law library and legal materials he only recently became aware CDCR could be named as a defendant.  In opposition, Defendant argues Plaintiff should not be permitted to amend because he has not shown good cause to avoid the time bar and that adding CRCR as a defendant would be futile because CDCR is immune from suit under the Eleventh Amendment.  (Doc. No. 53).

## II.  APPLICABLE LAW

After a defendant has answered and the deadline to amend the pleadings set forth in the scheduling order has expired, Rule 16 of the Federal Rules of Civil Procedure governs whether a plaintiff may amend.  *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000).  Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  Leave to amend should be denied if the proposed amendments appear to be futile.  *Anderson v. Anthem Blue Cross*, 776 F. App'x 465 (9th Cir. 2019).  A proposed amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotations omitted).  Further, the Court's rules provide when "filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules."  Local Rule 137(c).

### III.  ANALYSIS

At the outset, Plaintiff does not attach a proposed second amended complaint to his Motion as required by Local Rule 137(c).  Nor does Plaintiff show good cause for not timely moving to amend.  Plaintiff's claimed delay due to the lack of access to the law library is belied by his corresponding statement that his decision to add CDCR was prompted by advice from a "legal information clinic."  (Doc. No. 52 at 2).  Plaintiff does not explain why he was unable to contact that clinic earlier when the Court gave him leave to amend in April 2021.

Nonetheless, adding CDCR as a defendant is futile.  State agencies generally enjoy immunity from liability under 42 U.S.C. § 1983 unless explicitly waived.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The Ninth Circuit has held CDCR is a state agency entitled to Eleventh Amendment immunity.  *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).  CDCR has not waived immunity in this matter. (Doc. No. 53 at 5 ¶¶ 8-10).  Thus, CDCR is entitled to immunity and, absent its waiver, cannot be sued in this matter.

Accordingly, it is **RECOMMENDED**:

Plaintiff's motion to file second amended complaint (Doc. No. 52) be DENIED.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 5, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE