1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   YAKINI DEANDRE BYRD ,                    Case No.  1:19-cv-01343-DAD-HBK (PC)

12              Plaintiff,                     ORDER DENYING PLAINTIFF'S MOTION
                                               FOR SUMMARY JUDGMENT WITHOUT
13        v.                                   PREJUDICE

14   F. SERRANO,                               (Doc. No. 60)

15              Defendant.

16

17        Pending before the Court is Plaintiff's pro se pleading titled "Motion for Summary

18   Adjudication of Issues With Supporting Documents and Declaration of Yakini DeAndre Bryd."

19   (Doc. No. 60).  Liberally construed, Plaintiff appears to seek summary judgment on three

20   grounds: (1) "There is conflict on the facts;" (2) Plaintiff's "complaint should not be dismissed

21   because it is clear that rights of action do exist and relief can be granted;" and (3) Defendant

22   should be precluded from qualified immunity "due to unreasonable actions."  (Doc. No. 60 at 3-

23   4).  Defendant Serrano filed an opposition to the motion noting it is "ill-conceived, unsupported

24   by evidence, and lacks relevant authority."  (*Id*. at 2).   For the reasons set forth below, the Court

25   denies Plaintiff's motion without prejudice as procedurally deficient.

26        Plaintiff Byrd is a state prisoner proceeding pro se and *in forma pauperis* in his civil rights

27   action filed under 42 U.S.C. § 1983.  (Doc. Nos. 1, 10).  Plaintiff's motion for summary judgment

28   does not contain a statement of undisputed facts and instead attaches, presumably as evidence, in

1   support the then-assigned magistrate judge's screening order; Defendant's Answer; a letter from

2   the Penal Law Project explaining, in general terms, how a § 1983 case proceeds; a declaration

3   from Plaintiff requesting the Court to order $250,000.00 in restitution; two pages of various case

4   law; information from the Prison Law Office on excessive use of force; and information from the

5   Prison Law Office about how to file an administrative appeal.  (*See generally* Doc. No. 60).

6        "The court shall grant summary judgment if the movant shows that there is no genuine

7   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

8   Civ. P. 56(a).  A party moving for summary judgment must include a "Statement of Undisputed

9   Facts."  Local Rule 260(a).  Furthermore, this Court's local rule requires each motion of summary

10  judgment to include "a 'Statement of Undisputed Facts' that shall enumerate discretely each of

11  the specific material facts relied upon in support of the motion and cite the particular points of

12  any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied

13  upon to establish that fact."  Plaintiff's motion fails to comport with Fed. R. Civ. P. 56(a) and

14  Local Rule 260(a).

15       Furthermore, Plaintiff acknowledges in his motion acknowledges the facts are disputed as

16  to whether or not he was on the ground being kicked by three other inmates prior to allegedly

17  being struck by a sponge round fired by Defendant.  (Doc. No. 60 at 3).  Plaintiff's body position

18  immediately before being struck by a sponge round is a material fact.  Plaintiff's concession that

19  the parties dispute this fact is self-defeating.  Summary judgment cannot be granted if a material

20  fact is in dispute.  *See* Fed. R. Civ. P. 56(a).

21       Plaintiff also argues that his claim should not be dismissed because the then-assigned

22  magistrate judge found that Plaintiff stated a cognizable claim.  (Doc. No. 60 at 3).  It appears

23  that Plaintiff may have filed his motion as a preemptive move to shield his claim from an

24  anticipated motion for summary judgment from the Defendant.  Without ruling on whether the

25  screening order would defeat a motion for summary judgment from the Defendant, Rule 56 does

26  not authorize this court to issue a preemptive ruling that would shield Plaintiff from an anticipated

27  motion for summary judgment.  *See* Fed. R. Civ. P. 56.

28  ////

2

1    Accordingly, it is **ORDERED**:

2    Plaintiff's construed motion for summary judgment (Doc. No. 60) is DENIED without

3  prejudice as procedurally deficient.

4

5  Dated:    July 19, 2022

6                                                    HELENA M. BARCH-KUCHTA
                                                     UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28