UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAKINI DEANDRE BYRD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>F. SERRANO,<br><br>　　　　Defendant. | Case No.  1:19-cv-01343-ADA-HBK<br><br>GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No.  72) |

　　　　Pending before the Court is Plaintiff's motion for reconsideration.  (Doc. No. 72). Plaintiff, who is appearing pro se on his amended civil rights complaint filed under 42 U.S.C. § 1983, requests the Court to reconsider its July 20, 2022 order finding Plaintiff's construed motion for summary judgment procedurally deficient.  (Doc. Nos. 72, 70).  In particular, the Court pointed out, among other things, that Plaintiff's motion for summary judgment did not include an undisputed statement of facts, as required by Local Rule 260(a).  (Doc. No. 70 at 2).  Plaintiff attaches an undisputed statement of facts to his instant motion.  (Doc. No. 72).  Defendant opposes the motion for reconsideration.  (Doc. No. 73).  In addition to arguing the motion for reconsideration is procedurally defective, Defendant refers the Court to its opposition to Plaintiff's motion (Doc. No. 62) and argues Plaintiff's motion for summary judgment nonetheless should be denied.  (Doc. No. 73 at 4).  The Court will grant Plaintiff's motion for reconsideration to the extent it will consider the proposed statement of undisputed facts attached to the motion for

reconsideration and Plaintiff's arguments previously raised in his motion for summary judgment in ruling on Defendant's cross-motion for summary judgment.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks & citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

As stated *supra*, Plaintiff included an undisputed statement of facts in his motion for reconsideration. (Doc. No. 72). Plaintiff has shown more than a disagreement with the Court's July 20, 2022 Order and provides new facts or circumstances by including an undisputed statement of facts. In light of Plaintiff's pro se status and the Court's obligation to liberally construe pro se pleadings, the Court finds Plaintiff has sufficiently remedied the procedural deficiency of his previously filed motion for summary judgment for the Court to consider it.

Accordingly, it is **ORDERED**:

Plaintiff's motion for reconsideration (Doc. No. 72) is GRANTED to the extent that the Court will reconsider Plaintiff's motion for summary judgment (Doc. No. 60) when ruling on Defendant's cross motion for summary judgment.

Dated: October 5, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE