UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAKINI DEANDRE BYRD,<br><br>Plaintiff,<br><br>v.<br><br>F. SERRANO,<br><br>Defendant. | Case No. 1:19-cv-01343-ADA-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 60, 64, 76) |

Plaintiff Yakini Deandre Byrd ("Plaintiff") initiated this action proceeding *pro se* by filing a prisoner civil rights compliant under 42 U.S.C. § 1983. (ECF No. 1.) The matter was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 19, 2022, the assigned Magistrate Judge issued a findings and recommendations, recommending the Court deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion for summary judgment. (ECF No. 76.) The findings and recommendations were served on the parties and contained notice that any objections thereto must be filed within fourteen (14) days. (*Id.* at 1, 24.) Plaintiff filed objections and Defendant filed a response to Plaintiff's objections. (ECF Nos. 77, 78.)

**A. Plaintiff's Objections**

First, Plaintiff takes issue with the Magistrate Judge's finding that Plaintiff, at some point

during the attack, was on the ground being kicked by three other inmates. (ECF No. 77 at 2-3.) Plaintiff states "this is false and this statement was reported in the incident report which Serrano falsely made to protect him of his action." (*Id*. at 3.) Plaintiff further argues that this issue can be addressed at trial if the Court subpoenas the three inmates that attacked him. (*Id*. at 3.)

Second, Plaintiff objects to the findings concerning the medical evidence and the extent of his injuries. (*Id*. at 3-4.) Plaintiff specifically objects to the findings that there was no medical evidence to support he had a dent in his head as a result of the 40-millimeter launcher. (*Id*. at 3.) Plaintiff argues that this discrepancy may be resolved if the Court appoints him a doctor. (*Id*.) Liberally construing Plaintiff's objections, he also argues that the Magistrate Judge misunderstood Plaintiff's opinion of the medical report. Because "he was in a cage," Plaintiff argues that the medical staff could not see his wound and did not treat the dent on his head. (*Id*.) Plaintiff also takes issue with the findings that Plaintiff conceded in his sworn deposition that all of his injuries were documented in the medical report, explaining that he believed the bleeding coming from his head was enough to depict that he had an injury, presumably a dent, in his head. (*Id*. at 3-4.)

Third, Plaintiff also objects to the findings that the use of force was reasonable. (*Id*. at 4.) Plaintiff explains that "being hit in the head with the sponge round causing a dent in his brain with active bleeding is a [sic] inappropriate use of force." (*Id*.) Plaintiff further requests an outside doctor to examine him and argues that such an examination would prove the use of force was unreasonable. (*Id*.) Finally, Plaintiff argues that Defendant should have used OC spray, instead of the 40-millimeter launcher. (*Id*. at 4-5.)

Lastly, Plaintiff addresses the defense of qualified immunity, arguing that no governmental official is entitled to qualified immunity in § 1983 cases because federal common law prohibits a state from immunizing its governmental officials. (*Id*. at 8.)

**B. Defendant's Response**

In response, Defendant argues that Plaintiff's objections are meritless and "consist primarily of a reimagining of the evidentiary record and a restatement of various general principles of the law without any application to the case at hand." (ECF No. 78 at 2.) Defendant

2

addressed each of Plaintiff's objections.

With respect to Plaintiff's first argument, Defendant argues that Plaintiff cannot establish that there is no genuine dispute of material fact just because Plaintiff recants different versions of the events. (*Id*. at 3.) Defendant further asserts that even if Plaintiff was struck by the sponge round, it was an inadvertent and unintended consequence to stop the three other inmates from attacking him. (*Id*.) Finally, Defendant notes that Plaintiff's request to subpoena the three other inmates involved in the attack is a speculative belief of the attackers' testimony, not actual evidence. (*Id*.)

To address Plaintiff's second argument, Defendant argues that Plaintiff's objections are "baseless and contradictory." (*Id*. at 4.) Defendant argues that an outside doctor's examination would confirm Plaintiff's head injury is conclusory. (*Id*.) Defendant also notes Plaintiff's argument that the medical report is inaccurate contradicts his statement during his deposition. (*Id*.)

Third, Defendant argues Plaintiff lacks case law citations or evidence to support that the use of force was unreasonable. (*Id*.) Defendant further explains that Plaintiff's argument that OC spray would have been more reasonable than the 40-millimeter launcher is conclusory. (*Id*. at 4-5.) Defendant also points out the inconsistencies in Plaintiff's argument and argues that Plaintiff asserting that Defendant targeted him because he was a mental health inmate is "mere conjecture." (*Id*. at 5.)

Lastly, with respect to the issue of qualified immunity, Defendant first notes that Plaintiff's declaration is deficient on its face because is not dated or made under the penalty of perjury. (*Id*. at 6.) Even if it were not deficient, Defendant argues that the declaration is not supported by any evidence and it also contradicts Plaintiff's deposition testimony. (*Id*. at 6.) Defendant also states that Plaintiff is prohibited under Rule 15 from amending his pleadings by making an assertion in a deficient declaration. (*Id*. at 7.) Notably, Defendant points out that Plaintiff's operative complaint lacks any official capacity damages claim against Defendant. (*Id*.) Overall, Defendant argues that Plaintiff fails to support his objections with evidence. Rather, he argues that Plaintiff only asserts conclusory statements. (*Id*. at 2).

### C. Analysis and Conclusion

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Viewing the facts in the light most favorable to Plaintiff, the record contains no facts to support any inference that Defendant's actions were not a good faith effort to maintain or restore order or undertaken maliciously and sadistically for the purpose of causing harm to Plaintiff. To the contrary, Defendant attempted to protect Plaintiff during an attack by other inmates. The record contains no genuine dispute of material fact as to whether Defendant applied excessive force on Plaintiff for malicious and sadistic reasons. *See Simmons v. Arnett*, 47 F.4th 927 (9th Cir. 2022) (finding correctional guard's decision to deploy three sponge rounds which hit an inmate who was being attacked and caused leg fracture and other injuries was not excessive use of force under circumstances). Based on the foregoing, the Court denies Plaintiff's motion for summary judgment and grants Defendant's cross-motion for summary judgment.

ACCORDINGLY:

1. The Findings and Recommendations issued on October 19, 2022, (ECF No. 76), is ADOPTED in full;
2. Plaintiff Byrd's motion for summary judgment, (ECF No. 60), is DENIED;
3. Defendant Serrano's cross motion for summary judgment, (ECF No. 64), is GRANTED; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   December 13, 2022

UNITED STATES DISTRICT JUDGE